UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 5:09-CR-56-KSF

UNITED STATES OF AMERICA                                                         PLAINTIFF

vs.                              **OPINION AND ORDER**

CHRISTOPHER GUY ROGERS                                                         DEFENDANT

* * * * * * * *

This matter is before the Court on the motion of Defendant Rogers ("Rogers") for appointment of counsel for a post-conviction investigation and appropriate action [DE 73].

**I.     BACKGROUND**

Rogers entered a guilty plea to robbing the Florence Market in Lexington, Kentucky. [DE 34; Amended Plea Agreement, DE 60]. His former counsel states that the police officer who investigated the robbery was later suspended without pay for his improper conduct in another case. In particular, he claims the officer failed to accurately describe and formally document his actions regarding a lineup presentation, and his testimony during a preliminary hearing differed significantly from his documentation regarding probable cause for a search warrant and an arrest warrant. [DE 73]. In the present case, the officer "showed a photo lineup to the owner of the Florence Avenue Market after it was robbed." *Id.* at p. 2. Rogers "now is concerned as to whether [the officer] did something inappropriate in this case" and requests the appointment of counsel to investigate and take appropriate action. *Id.*

**II.    ANALYSIS**

The difficulty with Defendant's new concern is that there was no question of identity in his case. The facts to which the Defendant pled guilty included the following: "The owner of the store knew Rogers for years and recognized Rogers." [DE 34 at 2; DE 60 at 2]. In addition to this fact

being contained in the plea agreement, it was read to Rogers during the rearraignment as a fact the government could prove. [DE 36, pp. 14-15]. He agreed that the government would be able to prove that. *Id.* at 15. Moreover, Rogers was aided and abetted by another during the robbery of the Florence Market. [DE 1, Court 4, ¶ 2]. That "individual told police he and the Defendant robbed the Florence Market together" and that "the Defendant used a firearm during the robbery." [DE 48, p. 1].

Rogers entered his original plea on November 24, 2009. On May 14, 2010, when he was scheduled to be sentenced, he orally moved to withdraw his plea, followed by a written motion on May 17, 2010. [DE 43, 45]. In response to this motion, the United States advised that, prior to his original plea, the United States met with Rogers and conducted a "detailed review of the evidence including statements of an individual arrested days earlier" who said "he and the Defendant robbed the Florence Market together." [DE 48, p. 1]. Subsequent to the guilty plea, there were multiple meetings between the parties. Had the Court proceeded with sentencing and imposed a sentence at the low end of the advisory guidelines, Rogers would have been subject to a minimum sentence of approximately 43 years. *Id.* at 2. Instead, the parties agreed to a binding plea of 30 years imprisonment as set out in the Amended Plea Agreement. *Id.* at 3; DE 60. Rogers agreed to waive his right to appeal and the right to attack collaterally the guilty plea, conviction and sentence unless he received a sentence greater than 30 years imprisonment. [DE 60, p. 6]. He was sentenced to 30 years. [DE 59].

Based upon the Amended Plea Agreement, Rogers could not attack his conviction on appeal or collaterally, regardless of the outcome of the investigation. "[A] defendant may waive any right, even a constitutional right, by means of a plea agreement. Only challenges to the validity of the waiver itself will be entertained on appeal." *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012) (citation and internal quotation marks omitted). "An appeal waiver is enforceable if the

defendant's waiver of his appellate rights was knowing and voluntary." *Id.* at 378. This Court found that Rogers' plea was entered knowingly and voluntarily. [DE 36, p. 18; DE 59].

Toth sought to withdraw his guilty plea, and the district court denied the motion. When he appealed the denial of his motion, the Sixth Circuit held that "the motion to withdraw his guilty plea is inextricably part of the judgment of conviction entered against him" and is encompassed within the appeal waiver. *Id.* at 378. Accordingly, the appeal was dismissed.

Rogers' request for an investigation into the circumstances involved in his identification is similarly encompassed in his waiver of "the right to attack collaterally the guilty plea, conviction and sentence." [DE 60]. Accordingly, his motion for the appointment of post-conviction counsel must be denied.

### III. CONCLUSION

**IT IS ORDERED** that Defendant's motion for appointment of post-conviction counsel [DE 73] is **DENIED**.

This March 29, 2012.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge

3