UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON
CRIMINAL ACTION NO. 09-56-KSF-JGW-1
CIVIL ACTION NO. 13-7277-KSF-JGW

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

**V.**

**CHRISTOPHER GUY ROGERS**                                             **DEFENDANT**

### REPORT AND RECOMMENDATION

On April 22, 2013, defendant Christopher Guy Rogers filed a pro se motion pursuant to 28 U.S.C. §2255 to vacate or set aside his federal conviction and sentence. Doc. 84. Having conducted a preliminary review of the motion, the Court concludes that defendant's claims are foreclosed by the waiver provision contained in his plea agreement and that the §2255 motion was not timely filed. Accordingly, the motion should be denied without the United States being required to file a response.

**I. Factual and Procedural History**

Pursuant to the plea agreement in this case, defendant admitted the following relevant facts:

> On June 27, 2008 Rogers and Jamel White tried to rob drug dealers in Madison County[, Kentucky] of drugs and[/]or drug money. White and Rogers each had a firearm. Rogers and White went there for drugs and drug money however they could not find any so according to White, they stole Abram's cell phone and $10.00. According to White, as they were leaving White shot Abrams in the buttocks. Rogers does not deny being involved in this robbery, however due to his use of drugs that day, claims he does not remember the robbery. Rogers has reviewed the evidence including the proposed testimony of Jamel White and telephone records and believes the evidence is sufficient to convict him at trial. Rogers was arrested on September 7, 2008 several weeks after he and Adrian Greer robbed the Florence Market in Lexington[, Kentucky] on July 18, 2008. Rogers brandished a firearm during the robbery and Greer brandished a

1

machete. The owner of the store knew Rogers for years and recognized Rogers. Doc. 34, p. 2.

On November 24, 2009, pursuant to a plea agreement, defendant pleaded guilty to two counts of interfering with commerce by threats or violence and aiding and abetting same, one count of carrying a firearm in drug and in relation to a crime of violence and aiding and abetting same and one count of carrying a firearm in drug and in relation to a crime of violence. Doc. 33. Section eleven of the plea agreement, which defendant signed, provides that "[t]he Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution, however the Defendant may appeal his sentence if it is greater than 20 years." Doc. 33, p. 6.[1]

During defendant's rearraignment, the United States orally summarized section eleven of the plea agreement by stating that defendant "has waived his right to appeal and the right to attack collaterally his guilty plea and sentence, including any order of restitution, and in this case there could be some restitution. However, he has reserved [the right] to appeal this sentence if it is greater than 20 years." Doc. 36, p. 6. Following the oral summary by the United States, Judge Forester asked defendant if he understood that in section eleven of the plea agreement that defendant had "waived your right to appeal and your right to collaterally attack your guilty plea, conviction, and sentence, including any order of restitution." *Id.* at p. 8. Defendant responded "[y]es, sir." *Id.* at p. 9. Defendant also responded "[y]es, sir" when Judge Forester asked defendant if he (defendant) believed that the United States would be able to prove the facts

---

[1] Defendant attached a copy of the plea agreement to his §2255 motion. Doc. 84-4. However, the page of the plea agreement which contains the waiver provision is not included in the copy submitted by defendant.

2

contained in the plea agreement which had just been orally summarized by the United States. *Id.* at p. 15. At the close of the rearraignment Judge Forester accepted and approved the plea agreement. *Id.* at p. 18.

After delays engendered by defendant's motion to withdraw his guilty plea and subsequent competency evaluation,[2] in September 2010 defendant was sentenced to a total of 360 months' imprisonment. Doc. 62.[3] In March 2011 defendant filed a pro se notice of appeal [Doc. 64] but the Sixth Circuit dismissed the appeal as having been untimely filed in April 2011. Doc. 67.[4]

In January 2012 petitioner's previously appointed counsel filed a motion for appointment of post-conviction counsel. Doc. 73. The motion stated that the officer who investigated the Florence Avenue robbery, William Persley, had been "suspended without pay for eighty (80) hours for Unsatisfactory Performance and [Dis]Honesty in another case. . . . In the other case, part for [sic] the reason for the suspension of Detective Persley was as follows: (1) he failed to

---

[2]In August 2010 the Court held a hearing after which it found defendant to be competent and denied the motion to withdraw defendant's guilty plea. Doc. 57.

[3]Prior to sentencing, defendant and the United States entered into an amended plea agreement, [Doc. 60] which the United States emphasized had the sole purpose of setting forth a binding recommendation that defendant be sentenced to thirty years' imprisonment. Doc. 82, p. 4. The Court accepted the amended plea agreement. Doc. 59. Importantly, section eleven of the amended plea agreement provides that defendant "waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution. The Defendant may appeal his sentence if he receives a sentence greater than 30 years['] imprisonment." Doc. 60, p. 6 (sealed).

[4]In the order dismissing the appeal the Sixth Circuit noted that defendant claimed his attorney failed to honor his (defendant's) request to file an appeal. The Sixth Circuit held that the appeal had to be dismissed as untimely but that defendant could seek relief under 28 U.S.C. §2255 but that he had to do so within "one year from the date on which his conviction became final . . . ." Doc. 67, p. 2. Defendant does not raise his counsel's purported failure to file a requested appeal in his pending §2255 motion.

accurately describe and formally document his actions regarding a lineup presentation to back [sic] tellers and (2) his sworn oral testimony during a preliminary hearing on 3/13/2009 differed significantly from his written documentation in areas material to the probable cause for the search warrant and arrest warrant obtained . . . . In this case, Detective Persley showed a photo lineup to the owner of the Florence Avenue market after it was robbed. This Defendant is now concerned as to whether Detective Persley did something inappropriate in this case . . . ." Doc. 73, p. 1-2.

In March 2012 Judge Forester denied the motion for appointment of post-conviction counsel. Doc. 75. Judge Forester noted that the original and amended plea agreements contained language that the owner of the store in question knew and recognized defendant and that defendant's accomplice had told the police that defendant had helped rob the store and had used a firearm during that robbery. *Id.* at p. 1-2. Accordingly, Judge Forester held that there was "no question" of defendant's identity in this case. *Id.* at p. 1. In addition, Judge Forester reminded defendant that he had waived his right to collaterally attack his convictions and that the motion for appointment of post-conviction counsel was encompassed within that waiver. *Id.* at p. 3.

In May 2012 defendant filed a pro se motion for extension of time to file a motion pursuant to "60.02." Doc. 76.[5] In the motion defendant asks the Court to extend the time for him to file a post-conviction motion because he has "a state case that is going on that involes

---

[5]There is no Rule 60.02 in either the Federal Rules of Civil or Criminal Procedure. Presumably defendant was referring to Kentucky Rule of Civil Procedure 60.02 which permits a Kentucky state court to "relieve a party . . . from its final judgment, order, or proceeding upon the following grounds: . . . (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . . ."

[sic] a detective that has been charge[d] administratively by the Lexington Division of Police . . . [w]ith a violation of honesty and with unsatisfactory performance.  I would like to find out the out come [sic] of this case, [sic] before I pursue filing a 60.02 on my federal case.  Dealing with the same issue. [sic] I did not know the detective was or could of [sic] been an issue in any of my cases.  I know my case situation would of [sic] been a different outcome." *Id.*

In September 2012, Judge Forester denied the motion for extension of time.  Doc. 79.  Judge Forester held that the motion "is closely related to a motion filed by Rogers' former counsel for an order of post[-]conviction CJA Appointment . . . because a police officer, who investigated the robbery in which Rogers was involved, engaged in improper conduct in another case with regard to a photo lineup." *Id.* at p. 1.  Judge Forester then concluded that "[r]egardless of any new information that might be disclosed, Rogers waived his right to collaterally attack his conviction and received a reduced sentence as part of the bargain.  Accordingly, any motion for an extension of time to collaterally attack his conviction must be denied." *Id.*

In January 2013 defendant filed a pro se motion to be provided with a copy of the transcript from the grand jury proceedings which led to his indictment.  Doc. 81.  In February 2013, Judge Forester denied the motion because defendant had "failed to show any compelling necessity that would be sufficient to overcome the general rule of secrecy regarding grand jury proceedings."  Doc. 83.

The pending §2255 motion was filed in April 2013.  Doc. 84.

**II. Analysis**

**A. Issues Raised By Defendant**

Defendant first contends that his right to a fair trial was violated due to Detective Persley

having lied in another case and having testified that the storekeeper identified defendant and knew defendant personally but the storekeeper allegedly "originally stated the robbers wore masks." Doc. 84, p. 1. In his second argument defendant contends that his attorney was ineffective for not requesting a transcript of the grand jury testimony. *Id.* at p. 5. Defendant's final argument is that the government committed a *Brady* violation by not disclosing "Detective Persley's actions[.]" *Id.* at p. 7.

### B. All of Defendant's Claims Are Barred By the Plea Agreement's Waiver Clause

The previously quoted transcript of the rearraignment hearing clearly demonstrates that defendant was aware of all relevant portions of the plea agreement, including the waiver clause. The plain language of the exception to the waiver clause only permitted defendant to appeal a sentence in excess of 30 years' imprisonment; no similar exception permits defendant to collaterally attack his sentence under any circumstances. Though defendant makes no mention of the waiver clause in his §2255 motion, the waiver clause of the plea agreement should be enforced because the record compels a conclusion that defendant knowingly and voluntarily waived his right to collaterally attack his guilty plea, conviction and sentence. *See, e.g., United States v. Thompson*, 2009 WL 1917073, at *1 (W.D.Ky. July 1, 2009) ("A valid plea agreement which contains a waiver of the right to seek collateral relief will bar such action, including a § 2255 motion attacking a conviction, sentence, or plea. *See Davila v. United States*, 258 F.3d 448, 450–51 (6th Cir.2001) . . . .").

Enforcing the plea agreement does not mean that all of defendant's claims can be summarily dismissed, however, as "Sixth Circuit authority . . . has shown that waivers do not always apply categorically." *United States v. Harding*, 2008 WL 4073393, at *20 (E.D.Ky. Aug.

29, 2008). The Sixth Circuit has held that "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel . . . it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

Even so, not every allegation of ineffective assistance of counsel serves to bar the application of an otherwise valid waiver. Instead, only claims of ineffective assistance of counsel directly related to a plea agreement are not waived. As Magistrate Judge Atkins has explained: "in order to be non-waivable, an ineffective assistance of counsel claim must have some direct relation to the guilty plea, and not merely a vaguely-articulable connection." *United States v. Goree,* 2010 WL 5980621, at *1 (E.D.Ky. Nov. 30, 2010).

Defendant's claims must therefore be analyzed to determine if they are foreclosed by the waiver clause in the plea agreement. All of defendant's arguments at their core go to defendant's belief that he would have been able to impeach Detective Persley if the grand jury transcripts would have been provided to/requested by defendant's counsel. However, Judge Forester has already addressed similar claims made by defendant and has held that "[r]egardless of any new information that might be disclosed, Rogers waived his right to collaterally attack his conviction and received a reduced sentence as part of the bargain." Doc. 79, p. 1. Judge Forester has also explained that the original and amended plea agreements contain language explicitly providing that the owner of the store in question knew and recognized defendant and that defendant's accomplice had told the police that defendant had helped rob the store and had used a firearm during that robbery, and defendant raised no question regarding the accuracy of

7

that identification.  Doc. 75, p. 1-2.  In fact, defendant twice signed plea agreements which stated that the store owner knew and recognized him (defendant) and defendant also orally admitted during his rearraignment that the facts contained in the plea agreement, including the identification by the store owner, were true and could have been proven by the United States at trial.  Doc. 36, p. 14-15.  "Solemn declarations in open court carry a strong presumption of verity[,]" *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and defendant's unsupported, fleeting claim in his motion that the robbers wore masks does not align with the facts presented by the United States at the rearraignment or the facts set forth in the plea agreements–all of which defendant has previously admitted to be true.  Defendant having failed to show that the allegations in his §2255 are directly related to the validity of the plea waiver provision itself, all of defendant's claims for relief should be held to be foreclosed by the waiver clause.

### C.  The §2255 Motion Was Not Timely Filed

A motion filed under 28 U.S.C § 2255 must generally be filed within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).  In the present case, the judgment was entered in September 2010 and the § 2255 motion was filed in April 2013.  On its face, the motion is untimely.

Defendant contends the motion should be deemed timely filed because the claims therein

are based on newly discovered evidence. In defendant's words, "[t]he facts material to this motion were discovered in 2011-2012 during my State criminal trial, and while I was in custody of the Commonwealth of Kentucky. I was returned to United States custody at the end of the year 2012. This is my first opportunity to bring any action before this court." Doc. 84, p. 10.

However, defendant's ongoing state court action should not have prevented him from seeking federal habeas relief. This conclusion is demonstrated by the inescapable fact that defendant did file post-conviction motions concerning Detective Persley in this Court well before filing this §2255 action. For example, defendant's January 2012 motion for appointment of post-conviction counsel was based on concerns about Detective Persley (Doc. 73), as was defendant's May 2012 motion for extension of time to file a CR 60.02 motion. Doc. 76. Nonetheless, defendant did not file his §2255 motion until April 2013, meaning that defendant's claim that he filed his motion at the first available opportunity rings hollow. Accordingly, even if the Court were to conclude somehow that the §2255 is not barred by the plea agreement the motion should be denied as having been untimely filed.

### III. Conclusion

For the foregoing reasons, it is **RECOMMENDED**:

Defendant's pro se motion pursuant to 28 U.S.C. §2255 to vacate or set aside his conviction and sentence [Doc. 84] should be **dismissed**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not

"specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 1st day of May, 2013.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge