UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

Eastern District of Kentucky
**F I L E D**

JUN 0 3 2013

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 09-56-KSF
(Civil Action No. 13-7277-KSF)

UNITED STATES OF AMERICA                                                PLAINTIFF

vs.                            **OPINION AND ORDER**

CHRISTOPHER GUY ROGERS                                                  DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the Motion of Defendant Christopher Guy Rogers, pro se, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence imposed in this action on September 3, 2010. The matter was referred to Magistrate Judge J. Gregory Wehrman who, on May 1, 2013, issued Proposed Findings of Fact and Recommendation that Rogers' knowing and voluntary plea waived his right to appeal or to attack his plea collaterally and his motion to vacate was not timely filed.

No objections were filed to the Magistrate Judge's findings of fact and recommendation, and the time for filing same has passed. Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. See *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Report and Recommendation.

A certificate of appealability should only be issued if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When denials of relief are based on procedural defaults, a district court still should issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). In the present case, the Court determines that Defendant has not presented a close call or one which is "debatable." Therefore, a certificate of appealability will not issue.

Accordingly, it is hereby **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 85] is **ADOPTED** and **INCORPORATED** by reference;

2. The Defendant's Motion [DE 84] is **DENIED** and **DISMISSED** with prejudice;

3. A Certificate of Appealability shall not issue because the Defendant has not made a substantial showing of the denial of any substantive constitutional right; and

4. Judgment will be entered contemporaneously with this opinion and order in favor of the United States.

This June 3, 2013.

Karl S. Forester, Senior Judge