UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 09-56-DCR |
| | ) | and |
| V. | ) | Civil Action No. 5: 14-7345-DCR-CJS |
| | ) | |
| CHRISTOPHER GUY ROGERS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On April 2, 2009, a federal grand jury returned a six-count indictment, charging Defendant Christopher Rogers with several criminal offenses, including: trafficking in illegal controlled substances in interstate commerce in violation of 18 U.S.C. §§ 1951 and 2; using carrying, brandishing and discharging a firearm while aiding and abetting another person during and in relation to a crime of violence in violation of 18 U.S.C. § 922(g)(1); robbing an employee of the Florence Market by means of actual and threatened force, violence, and fear of injury in violation of 18 U.S.C. §§ 1951 and 2; and using, carrying and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) [Record No. 1] Thereafter, Rogers entered a guilty plea to these charges pursuant to a written Plea Agreement. [Record Nos. 33 and 34] As part of his deal with the government, Rogers waived the right to collaterally attack his guilty plea, conviction and sentence. However, he reserved the right to file a direct appeal of his sentence if the term imposed by the Court exceeded twenty years.

On September 3, 2010, United States Senior District Judge Karl S. Forester sentenced Rogers to a total term of incarceration of 360 months, followed by a term of supervised release of five years. [Record No. 62][1] Rogers did not immediately appeal his sentence. However, on March 8, 2011, the defendant filed a document captioned "Motion for Docket Entry 34 and Withdrawal of Counsel and Appointment of Appellate Counsel." [Record Nos. 63 and 64] In the section of the pleading captioned "Conclusion," Rogers gave notice that he wished to appeal his conviction and sentence. As a result, the Clerk of the Court docketed the pleading to include a Notice of Appeal. [Record No. 64] On April 15, 2011, the United States Court of Appeals for the Sixth Circuit dismissed his appeal as untimely. [Record No. 67]

On April 22, 2013, Rogers filed his first motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 84] However, that motion was denied by Opinion and Order filed on June 3, 2013. [Record No. 86] (*See also* corresponding Civil Action No. 5: 13-7277-KSF.) A corresponding final and appealable Judgment was also entered that date. [Record No. 87] In adopting the Report and Recommendation of the United States Magistrate Judge [Record No. 85], the Court concluded that all of the defendant claims were barred by the waiver clause contained in his Plea Agreement. Further, the Court determined that Roger's § 2255 motion was not timely filed. Rogers did not file an appeal following the dismissal of his first § 2255 motion. Instead, on April 22, 2014, he filed a second motion under the same statutory section. [Record No. 89]

---

[1] This case was reassigned to the undersigned on April 22, 2014, following the untimely passing of Senior District Judge Forester. [Record No. 88]

Title 28 of the United States Code, Section 2244(a)(3)(A), provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Rogers is not asserting a defect in the integrity of the federal habeas proceedings. Instead, he is seeking to directly challenge the substance of this Court's – and the Sixth Circuit's – resolution of his claim on the merits. And because this Court has previously denied habeas relief to Rogers under 28 U.S.C. § 2255, his current motion constitutes a second or successive motion. *See* 28 U.S.C. § 2244(a). This statute provides that no district court

> shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2255(a); *see* 28 U.S.C. § 2255(h) (providing standard for certification of second or successive motion).

Therefore, the motion is procedurally barred unless the Sixth Circuit determines that Rogers has presented new factual evidence or demonstrated a new rule of constitutional law. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *see* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the

Supreme Court, that was previously unavailable."). *Albo v. United States*, 2012 U.S. App. LEXIS 18469 (6th Cir. Aug. 29, 2012); *West v. Bell*, 2010 U.S. App. LEXIS 23358 (6th Cir. Nov. 4, 2010); *Williams v. United States*, 2005 U.S. Dist. LEXIS 19612 (S.D. Ohio Sept. 9, 2005). While it does not appear that Rogers fits within either of these exceptions, that is a determination that must be made by the Sixth Circuit as an initial matter.

Based on the foregoing analysis, this Court lacks jurisdiction to entertain the present motion. The matter will be transferred to the United States Court of Appeals for the Sixth Circuit so it may determined whether the claim may be presented. Accordingly, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court is **DIRECTED** to transfer Defendant Christopher Rogers' current motion [Record No. 89] to the United States Court of Appeals for the Sixth Circuit as a second or successive petition seeking relief under 28 U.S.C. § 2255 in accordance with 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

2. To the extent that Defendant Rogers seeks relief from this Court, that request is **DENIED** in accordance with 28 U.S.C. § 2244(a).

3. Civil Action No. 5: 14-7345-DCR-CJS is **DISMISSED**, with prejudice.

This 24th day of April, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge